■ In the Matter of JEMEL M.A. SCO FAMILY OF SERVICES, Respondent; ELIZABETH C.B.A., Appellant, et al., Respondent. (Proceeding No. 1.) In the Matter of DESHAWN C.B. SCO FAMILY OF SERVICES, Respondent; ELIZABETH C.B.A., Appellant, et al., Respondent. (Proceeding No. 2.) In the Matter of CHARISE C.K.A. SCO FAMILY OF SERVICES, Respondent; ELIZABETH C.B.A., Appellant, et al., Respondent. (Proceeding No. 3.) In the Matter

of RAYN R.B.-O. SCO FAMILY OF SERVICES, Respondent; ELIZABETH C.B.A., Appellant, et al., Respondent. (Proceeding No. 4.) In the Matter of IMANI F.B.-O. SCO FAMILY OF SERVICES, Respondent; ELIZABETH C.B.A., Appellant, et al., Respondent. (Proceeding No. 5.) In the Matter of NASIR M.A. SCO FAMILY OF SERVICES, Respondent; ELIZABETH C.B.A., Appellant, et al., Respondent. (Proceeding No. 6.) [994 NYS2d 544]—

In six related proceedings pursuant to Family Court Act article 6 and Social Services Law § 384-b to terminate the mother's parental rights on the ground of permanent neglect, the mother appeals from six orders of fact-finding and disposition (one as to each child) of the Family Court, Queens County (McGowan, J.), all entered July 1, 2013, which, after fact-finding and dispositional hearings, found that she permanently neglected the subject children, terminated her parental rights, and freed the subject children for adoption.

Ordered that the orders of fact-finding and disposition are affirmed, without costs or disbursements.

The Family Court properly found that the petitioner established by clear and convincing evidence that the mother permanently neglected the subject children (*see* Social Services Law § 384-b [7] [a]). The petitioner presented evidence that it made diligent efforts to encourage and strengthen the parental relationship by, inter alia, providing the mother with referrals to various drug treatment programs, parental training, and a housing program (*see Matter of Elijah D.W. [Tamica S.E.]*, 118 AD3d 812, 813 [2014]; *Matter of Amonte M. [Mary M.]*, 112 AD3d 937, 938 [2013]). Despite these efforts, the mother failed to plan for the children's future by, inter alia, not completing parental training or a drug treatment program (*see Matter of Elijah D.W. [Tamica S.E.]*, 118 AD3d at 813; *Matter of Corey S. [Angel S.]*, 112 AD3d 641, 642 [2013]).

Moreover, contrary to the mother's contention, the Family Court properly determined that it was in the best interests of the children to terminate her parental rights and free them for adoption (*see Matter of Angel R.F. [Nicholas F.]*, 114 AD3d 781, 782 [2014]). Balkin, J.P., Chambers, Miller and Hinds-Radix, JJ., concur.